The Chief Justice
delivered the opinion.*
This was a bill filed by the appellees, against the appellant and others, to obtain a correction of an irregularity in the division of a tract of land.
They allege in suhstanee, that Mitchell and Parks jointly purchased of Reed 500 acres, a moiety of his preemption; that beforee a conveyance was made by Reed, Mitchel) and Parks agreed that the tract should be divided between them in equal quantilies, by a line running northwardly and southardly, parallel with, and at right angles to^the lines of the original survey, and that Mitchell should have the eastern and Parks the wisiern moiety; that Parks laid off the town of Paris on his moiety, and then sold (o Lawrence Spratsman, and that in pursuance of the agreement between Parks and Mitchell, the agent of Reed, afterwards, in the presence of Spratsman and Mitchell, laid oflT the land and duly executed deeds, bearing date the 9th of March, 1789. purporting to convey to each of them 250 acres of the 500 aere tract. But the appellees charge, that the deed to Spratsman, includes a considerable quantity of land not within the boundaries of Reed’s preemption, and that of the land within those boundaries, there is a deficiency of between thirty and forty acres, and that there is a surplus of alike quantity included in the deed from Reed to Mitchell. They allege that Mitchell nad been at. the mak-' *313 king of the survey of Reed’s preemption, and that heknew the corners and lines, and that a part of the land laid off to Spratsman, was not within those lines; that Spratsman Was a stranger to the true boundaries of Reed’s preemption survey, and was consequently ignorant of the irregularity which was made in the division, by including in the part laid off to him, land not within those boundaries; and that he remained so, when, in 1792, having became greatly indebted to his brother, John Spratsman, in satisfaction of the debt he owed his brother, he conveyed to him all Iris lands in Kentucky, and particularly the tract in question; that John Spratsman was a citizen and resident of Maryland, and shortly after he received the conveyance from his brother Lawrence Spratsman, departed this life without having discovered the inequality in the division which had been made with Mitchell, and by his last will gave his executors authority to sell bis lands, devising the proceeds thereof to his children, then infants of tender years; that the executors, by their agent in this state, in attempting to recover from adverse claimants, the land which was included in the deed from Reed to Lawrence Spratsman, but outside of Reed’s preemption survey, for the first time discovered the inequality of the division; and that the infant heirs and devisees continued to reside in Maryland until they came of age, and shortly after, on the 13th of April, 1814, jointly with the executors, sold and conveyed to the appel-lees, the tract of 250 acres, including the land in controversy.
The appellees further state, that Mitchell has sold and conveyed to innocent purchasers, a par! of the land conveyed to him by Reed, adjoining the division line as run, and which would have been in the moiety allotted to Sprats-man, if the division had been correctly made; but they profess their willingness to accept of other adjoining land to which he still has the title. They make Mitchell. Parks, Lawrence Spratsman, and the heirs and executors of John Spratsman, defendants; and pray that Mitchell may be compelled to convey to them the surplus contained in his deed over and above an equal moiety of the 500 acre tract; Or, in case he cannot convey the title, that he may he compelled to make compensation in damages; and that the Other defendants may be barred of all claim.
The bill was taken for confessed against all the defendants except Mitchell, who, in his answer, controverts but *314 few of the material facts alleged in the bill; and those be does controvert, seems to be sufficiently established by the evidence in the cause. He relies principally upon the grounds, 1st, that the appellees have shewn no title to the land which is the subject of controversy; and 2udly, that as he has been upwards of twenty years in the adverse possession of it, under a legal title, the lapse of time is a bar to the relief sought.
Ifamistake division'of^'a tractof land, it shall be corrected,for gainer^by not’ er’s loss; if the land tlk-has-been assigned to one parlne , has been soid purchasers, no other land shall ⅛ change, but compensation in value of the land shall be Mla<le'
The circuit court decreed, that the other defendants should be barred of all claim, and that Mitchell should convey to the appellees the surplus contained in his deed above a moiety of the whole tract purchased of Reed, and directed the land so to be conveyed, to be laid off by running a line parallel with, and at such distance from, the old division line, as would include the surplus exclusive of the land which Mitchell had previously sold and conveyed to others. From that decree, Mitchell has appealed to this court.
The grounds principally relied on in the argument in this court for Mitchell, are the same which he assumed in his answer, and in support of the ground, that the appellees ^ave s^lewn 110 ,0 ^e ^an(* *n controversy, it is contend-et^, in the first place, that Lawrence Spratsman himself had no title.
This position is evidently untenable. It is conceded, Prior t° the division, Lawrence Spratsman was enti-tied to an equal moiety of the tract purchased from Reed; anj that the division was intended to give to him an equal <iuant*'y with Mitchell, is apparent from the face of the deeds of conveyance themselves, as well as from extraneous circujnslanees
The deed from Reed to Mitchell having, in consequence of the error in making the division, included a part of that which belonged to Spratsman, certainly could not divest |a(ttrof his right, nor transfer it to the former. The deed'110 doubt, conveyed to Mitchell the legal title of the whole land contained within its bounds, but it could not the equitable right of that to which Spratsman was for, of that Mitchell was not a purchaser for a valuable consideration, and could not, on that score, claim and the error in making the division, could not, of itself, bt a source from which he could derive a title.
Whether the error in making the division, was the effect *315 *f fraud or mistake, is not, as it regards the point under Consideration, material.
When the effort is, to in ike profit by another's loss, fr. art r mistake is equal'y eff c-tuat te defeat the attempt.
An equitable inter st is assignable in equity, tho’ aot at late.
In either case, Mitchell cannot avail himself of it, for he is contending de lucro captando, and not de damno evi-tando, and it is a rule founded in reason, and sanctioned by authority, that no one can take advantage of an error to enrich himself to the prejudice of another.
We cannot, however, acquit Mitchell of the charge of fraud.
The evidence strongly conduces to shew, that he knew the boundaries of Reed’s preemption, and although there is no proof that he represented the lines according to which bpratsman’s moiety was laid off, to be the true boundaries of Reed, yet, as he was present, his concealment of what he knew to be true, is equivalent to a sug-gestionof what wás false. Qui potest el debet velare, jubet.
But it is contended, in the second place, that, if Lawrence Spratsman had right, there is no deduction of title from him to the appellees.
We cannot admit, as seems to be supposed by the coun-sellor Mitchell, that the right of Lawienee Spratsman was a mere personal right, which, in its nature, is inalienable. On the contrary, we apprehend it was a right to the thing, not indeed a legal right, but an equitable one, which, tho’ not a subject of sale and conveyance, in contemplation of law, might, in equity, be assigntd or transferred to another.
Whether, therefore, the appellees have shewn a derivation of the right from Lawrence Spratsman to themselves, must depend upon the effect of the deeds of conveyance, from him to his brother, John Spratsman, and from the heirs and executors of the latter to the appellees. The deed from Lawrence to John Spratsman does not specifically transfer the tract of 250 acres conveyed by Reed to t’ e former; but, after mentioning various other tracts and parcels of land lying, some within, and some without, this state, it purports to transfer or convey them, “and all other “messuages, lauds, tenements, and hereditaments wheresoever situated, whereof or wherein the said Lawrence “Spratsman, or any person interested for him, is now seized or possessed of, interested, or entitled to. of any estate, “either in possession, remainder, or reversion or otherwise, “however, or by whatever name or names, or howsoever “the same or anv of them are called or known, witn their “⅛ every of their rights, members, or appurtenances.”
in the general it is u-ue that equity heve "against a 20y’rs pos-sessoncnup-right'buUbU must be understood to vdiercTthe*' part> wasap prised of bis eqiii.y, and diT°no dísa-biliiy.
This language, though not the most technical and ap-pfopnale, is certainly as comprehensive as it is possible to imagine, and we can conceive of no construction which could be given to it, that would exclude from its operation the land which is the subject of controversy. The right, therefore, which Lawrence had to the land in dispute, nuist have passed to his brother John. And of the effect of the deed from the heirs and executors of the latter to pass the right to the appellees, there ean be no room for doubt; for the deed explicitly describes the western moiety of the 500 acre tract purchased of Reed, by metes and bounds, and purports to assign and transfer it to the appellees
It results, therefore, that the first ground of defence relied on by .Mitchell, must fail.
With respect to the lapse of time, it is sufficient to re-markt that although it is in general true, that a c«urt of equity will not relieve against an adverse possession of twenty years, coupled with the legal title, yet this must be un^erst00t* lo apply to those cases only, where the party, seeking relief was informed of tiis right, and labored under no disability; but in this case, the error which produced l^e '8tc|U8l'1)’ of tne division, was discovered within much less iban twenty years before the commencement of this suit; and when we add to this, the circumstance, that those w^° had the beneficial interest in the subject of controver-SJS were infants and out of the country, there can be no question that the lapse of time cannot operate as a bar to r,.jjeft
But *^e rel*ef given by the circuit court, we think, does not accord in its natureand extent, with the right of the appellees.
As we have already observed, the deed from the heirs and executors of John Spratsman to the appellees, conveyed by metes and bounds, the western moiety of the tract purchased of Reed, the eastern boundary whereof, is a line equally bisecting the tract. Eastwardly of the line, therefore, the appellees can have no right to any land, and instead of decreeing to (hem, land eastwardly of that line, as the circuit court ha3 done, that court ought to have given them a compensation in damages, for so much of the surplus as lies westward!) of that line, and to which Mitchell cannot make a title, in consequence cf having conveyed it to others.
Talbot for appellant, Hardin for appellees.
The compensation ought, under the circumstances of this ssse, to be the present value of the land in its natural state, and without regard to adventitious circumstances.
The decree must, therefore be reversed with costs, and the cause remanded, that a decree may be entered for the appellees according to the principles of this opinion.

 Abseat, Judge Milts.