THE HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY
v. THE STATE.

1. The instructions of the Comptroller to a sheriff, authorizing him to employ counsel to prosecute suits on delinquent tax lists, need not be in writing. If the authority be disputed, it may be established by parol.

2. The statute regulating the manner in which lists of delinquent taxpayers shall be made out, is directory; and if its essential requirements be complied with, it is sufficient.

APPEAL from Harris. Tried below before the Hon. Jas. Masterson.

Suit by the State against the Houston and Texas Central Railway Company, through counsel employed by the sheriff of Harris county, to recover $20,250.01, claimed to be due for State and county taxes, including assessor's fees for the year 1871, also ten per cent. interest thereon, from January 1, 1872, and $2025 as penalty for failing to pay promptly.

In answer to the original petition, the railroad company craved oyer of the authority of the attorneys to institute the suit, and plead specially that they had no lawful authority from the Comptroller; and, first, demurred specially; second, denied generally the allegations of lawful assessment or valuation, and specially that the railway track had been valued at $15,000 per mile, but

averred that it had been valued by the assessor at $10,000 per mile, and afterwards changed by arbitrary instructions of the Comptroller, and without either notice to, or assent of, the company; and, third, averred that it was not liable to any suit or penalty for non-payment, because it had not been placed on the delinquent list, and reported as such to the Comptroller by the sheriff.

The amended petitions first expressly alleged authority to sue, "under the instructions of the Comptroller;" second, specified the rates of taxes and amount claimed; third, averred that the assessments were lawfully made by McDonald, justice and assessor, and that the valuation of the railway track was made by him at $15,000 per mile, and so placed on the roll, with notice thereof to the company at the time, and that its officers did not object or appeal; and, fourth, averred that the sheriff, as collector, "on the fifteenth of January, 1872, returned defendant as a delinquent taxpayer, on a delinquent list, to the Comptroller of Public Accounts, at Austin, Texas, showing thereon the full amount of taxes due; and thereupon the Comptroller of Public Accounts ordered this suit to be brought to enforce the collection of said taxes, interest and penalties."

Upon these averments of fact the railroad company joined issue by general denial.

The demurrers of appellant were overruled.

Verdict found by the jury for appellee, in the sum of $14,815.34, for which judgment was rendered; but $705.08 was afterwards remitted, leaving due the sum of $14,110.26.

*Gray, Botts & Baker*, for appellant.—In ordinary suits between citizens the presumption arises that attorneys appearing for a party are duly authorized to institute suit or defend. (Osborn v. Bank of United States, 9

Wheat., 738 ; Proprietors v. Bishop, 2 Verm., 231 ; Jackson v. Stewart, 6 Johns., 34 ; Henck v. Todhunter, 7 Harris & J., 275 ; Harding v. Hull, 5 Harris & J., 478; Ransom v. Jones, 1 Scammon, 291 ; West v. Houston, 3 Harrington, 15 ; Hilliard v. Carr, 6 Ala., 557.)

It is equally well settled that this presumption may be rebutted by plea denying the fact, and that the authority must be shown if called for by the defendant or the court. (King of Spain v. Oliver, 2 Wash. C. C., 429 ; Norris v. Douglas, 2 Southard, 817 ; Timmerman v. Morrison, 14 Johns., 369 ; Gillespie's case, 3 Yerger, 325 ; McAlexander v. Wright, 3 Monroe, 194; Bridgton v. Bennett, 10 Shepley, 420 ; West v. Houston, 3 Harrington, 15 ; McKiernan v. Patrick, 4 How. Miss., 333.)

But undoubtedly no such presumption exists in favor of private attorneys instituting suit in the name of the State. So to hold is to say that two diverse and contradictory presumptions could exist. The presumption that the district attorney has authority to sue in the name of the State arises because the law imposes the duty on him to represent the State. No such duty is, however, imposed on any private attorney, and,. therefore, the presumption is that he has no such authority until alleged and shown. Most certainly where it is alleged in the pleadings (as in this case, by amendment of twenty-second of April, 1872,), it is a matter in issue to be tried and decided, as any other issue of fact, by the jury.

Now, the tax laws of the State positively provide when and how liability to suit for taxes is incurred, and by what authority suit shall be brought, and who has the selection of attorneys.

The selection of attorneys contemplated by the act most clearly was to be made by the Comptroller, the custodian of the delinquent list. This list would be certified by him as evidence of the delinquency, and placed in

charge of the attorney employed, and proceedings had by instructions of the Comptroller, as in all other matters of indebtedness to the State, by bond or otherwise. Viewed in this light, all is clear. But in the view of the court below, all is complexity and disorder, leading to "confusion worse confounded," in accounts of the sheriffs, and in the enforcement of their liability to the State.

Let it be established that verbal statements, or marks of the sheriff on the assessment roll, or any other irregular verbal communications, short of the full and complete delinquent list, certified by him, may be substituted for that legal account, and the sheriffs have the Comptroller and State at disadvantage when their liability shall be in question. Instead of the long end of the lever being in the hands of the government, the power is reversed, and placed in the hands of the sheriffs, with funds in hand to pay such fees, commissions and charges as they may think proper to incur, and then contest their legality with the State by standing suit, with the advantage of defenses thus furnished by verbal authority of the Comptroller. The door will thus be thrown wide open for a system of irresponsibility, expenditure and favoritism, most damaging to State and citizen, and never intended by the law-makers.

*Winch & Whitfield*, for appellee.

Walker, J.—Judgment has not been entered in this case for the reason that our attention has been called to some inaccuracies in our statement when the cause was decided on the twenty-third instant.

These tax cases are contested with great ability ; the learning and logic of defendant's counsel have received due consideration from the court. We must now notice

some of the points made against this judgment. There are exceptions to the evidence, to the charges of the court, to the refusal to give charges asked, and to the ruling on a motion for a new trial. We think the court properly sustained the exception to the appellant's plea craving oyer of the authority to institute the suit. This question is settled by the statute—there need be no proof of the authority of a public officer to discharge a duty which the law imposes upon him.

The law authorizes the sheriffs, under the instruction of the Comptroller, to select other attorneys than the district attorney to prosecute these suits, nor do we see that there is any necessity imposed by the law upon the Comptroller to give his authority in writing to the sheriffs; and if the authority be disputed it may be established by parol evidence.

We see no error in the court in permitting the sheriff to testify to the manner in which he had made out his list of delinquent taxpayers. We agree with the District Court that the law on this subject is only directory, and that if its essential requirements be complied with it is sufficient. It is a little remarkable that so much stress should be laid upon these supposed irregularities, when the appellant in no way denies that it is a delinquent taxpayer. We can see no error of the court in refusing the charges asked by the appellant.

As we understand this matter, two lists of the taxpayers are made out in the Comptroller's office; the one is retained as a check upon the other, which is given to the sheriff. The sheriff collects the taxes imposed upon a portion of the list, and these he checks off. The remaining names are returned delinquent, and we believe this is a substantial compliance with the law. The act of the Twelfth Legislature is the act under which this suit was instituted. (Art. 7675, Pas. Dig., 2d Vol.)

The 21st Section provides "that on the failure of any person to pay the amount of taxes assessed against him, with interest, if any, within the time limited for payment, the officer charged therewith shall place the name, residence, if known, and the full amount due by such person, on a delinquent list, and return the same to the Comptroller of Public Accounts."

The 22d Section of the Act provides "that the delinquent list may be placed in the hands of any law officer of the State or county, or other attorney, for collection by suit in the name of the State, against such party delinquent, in any court of competent jurisdiction; such suits shall be in the nature of actions for debt," etc.

We do not propose to discuss the wisdom of all the provisions of this law; it is enough for us that in a constitutional manner it embodies the legislative will.

If the tax were imposed and no special mode pointed out by the Legislature for its collection, the State might resort to her own courts to enforce the payment. (See The State v. Williams, 8 Texas, 384.) We may accept the learned argument of the appellant's counsel as an able and orthodox exposition of what the law ought to be, but we believe the District Court clearly understood what it is, and that the proceedings in this case are without valid exception throughout.

The judgment is therefore affirmed.

AFFIRMED.