## D. R. McCullough v. The State.

### No. 3255.  Decided May 23, 1906.

**1.—Bigamy—Witness Under Rule—Discretion of Court.**

On a trial for bigamy, there was no error that the court placed expert physicians under the rule which had been invoked, and excluded one of the physicians who had not been placed under the rule and had talked to some of the witnesses, from testifying for the defendant.

**2.—Same—Contents of Letter—Parol Testimony.**

Upon a trial for bigamy it was reversible error to admit the contents of a letter written by the defendant to his daughter to be introduced by parol testimony, it being shown that said letter was in existence and within the control of appellant's daughter, and that no notice was given to produce it; and the same being of a material nature and injurious to the rights of defendant.

**3.—Same—Charge of Court—Insanity—Reasonable Doubt.**

Upon a trial for bigamy where the defense was insanity, where the court charged that the defendant was required to clearly prove his insanity by a preponderance of the evidence, he should have explained that it was not meant by this that defendant should prove his insanity beyond a reasonable doubt.

Appeal from the District Court of Rains.  Tried below before the Hon. R. L. Porter.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis,* Assistant Attorney-General, for the State.—On question of insanity:  Nugent v. State, 46 Texas Crim. Rep., 67.

HENDERSON, JUDGE.—Appellant was convicted of bigamy, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

The testimony on the part of the State shows without question a case of bigamy; that is, while appellant's wife was living, he married another woman.  Appellant's sole defense was insanity.

The exception taken by appellant to the action of the court placing Drs. Adams, Duffy, Semster and Pearson, expert physicians, under the rule, is without merit.  This was within the discretion of the court to place these witnesses under the rule or exempt them.  He exercised this discretion by putting them under the rule; and we see no error in this.

Nor do we believe the court committed any error in excluding the testimony of Dr. Pearson, who was not placed under the rule (though his name appears to have been given by defendant as one of the witnesses to be placed under the rule).  The rule had been invoked, and no reason is shown why Dr. Pearson was not placed under the rule with the other witnesses.  Moreover, he is shown to have talked with some of the witnesses for the defense, pending the rule, and before he was

offered as an expert witness in regard to the family history of the defendant. We understand it was proposed to be proved by him that this conversation he had with these witnesses as to the family history, was a part of the hypothetical case to be stated to him, and upon which he was expected to answer that he believed appellant to be insane. The action of the court in this respect is not shown to be erroneous.

Several bills of exception were taken to the action of the court allowing witnesses to prove the contents of a letter written by appellant to his daughter, Elsie McCullough. It appears that after appellant had married the second time, he and his new wife went to Houston; and from there he wrote to his daughter, Elsie, in Fannin County: "That he was going to San Francisco; for her to be a good girl; mind her Mama; that he would never see her again; that he was her poor, ruined, crazy Papa; and that if she did not quit writing to him, she would get him into trouble." This testimony was objected to because it was parol evidence of the contents of a letter, and the letter was shown to be in existence and within the control of appellant's daughter, Elsie. The record shows no notice to produce it. The objection here urged is, that the letter was the best evidence, and it was not competent to resort to secondary testimony under the circumstances here shown. We agree with this contention. 2 Elliott on Ev., section 1489. We are aware that in some cases, facts may be proved by parol, although in writing; as where a written communication is accompanied by a verbal one to the same effect, proof of the latter may be received as independent evidence, though not to prove the contents of the writing, nor as a substitute for it. Glenn v. Rogers, 3 Mar., 312; H. & T. C. v. State, 39 Texas, 148. This is not such a case. Here the contents of the letter were proposed to be proved as a substitute for the letter itself. We hold that the same was not admissible. The question is, was this testimony of a character to injure appellant? It was evidently introduced as having a bearing on his sanity or insanity. We are not prepared to say that it may not have had an undue influence with the jury as suggesting to them that a person writing a letter, the contents of which were introduced before them, must be sane, inasmuch as it suggested that he was then on his way to San Francisco, and that she must desist from writing to him as she might get him into trouble. The State suggests in this connection that it might be beneficial to appellant because it stated that he was crazy. We understand that it is ordinarily considered that crazy people never claim to be crazy. At any rate, this is a matter about which it is dangerous to speculate; that is, where illegal testimony has been introduced, over the objection of appellant, unless we were clearly of the opinion that it was not injurious it ought to constitute reversible error. We are not prepared to say here that this might not have operated to the prejudice of appellant before the jury.

The charge of the court was objected to on the ground that appel-

lant was required to clearly prove his insanity by a preponderance of the evidence. We believe that on another trial of this case, the court should only instruct the jury that the burden was on appellant to prove his insanity by a preponderance of the testimony. Where he requires appellant to clearly prove his insanity by a preponderance of the testimony, he should in that connection explain to them that it was not meant by this that he should prove his insanity beyond a reasonable doubt. Hurst v. State, 40 Texas Crim. Rep., 378.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.